IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,413-02






EX PARTE NICHOLAS WESTBROOK, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 24456-A(1) IN THE 42ND DISTRICT COURT


FROM TAYLOR COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of engaging in
organized criminal activity and sentenced to six years' imprisonment. He did not appeal his
conviction.

 Applicant complains that his trial counsel was ineffective because counsel should have filed
a motion to suppress the evidence seized from his motel room after a warantless search of it was
conducted. He alleges that he would not have pled guilty if counsel had investigated to learn that
such a motion would have had merit. Applicant has alleged facts that, if true, might entitle him to
relief. In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.
The trial court shall obtain a response from Applicant's trial counsel addressing the claim that a
motion to suppress should have been filed and detailing counsel's representation of and advice to
Applicant. To obtain the response, the trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his trial counsel was ineffective and that his guilty plea was involuntary. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: March 20, 2013

Do not publish